Ralph L. PROGNER and Gladys
K. Progner, Appellants,

v.

Dr. Watt W. EAGLE, Appellee.

No. 10914.

United States Court of Appeals
Fourth Circuit.

Argued March 10, 1967.

Decided May 5, 1967.

Thomas F. Ellis, Raleigh, N. C. (Maupin, Taylor & Ellis, Raleigh, N. C., on brief), for appellants.

E. C. Bryson, Sr., and James L. Newsom, Durham, N. C. (E. C. Bryson, Jr., and Newsom, Graham, Strayhorn & Hedrick, Durham, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Upon voir dire interrogation of the jury in this personal injury action, plaintiffs' counsel submitted the following question to be asked by the trial judge of the veniremen:

"2. Are any members of the jury acquainted with, related to or have any of the following performed legal services for you: Mr. Ed Bryson, Attorney at Law, Duke University, or the firm of Newsom, Graham, Strayhorn and Hedrick, Durham, North Carolina."

It was propounded only with regard to the performance of legal services; the part in respect to acquaintance and relationship was not asked. For this omission, after verdict for the defendant, plaintiffs vainly sought a new trial. From the judgment entered on the verdict, this appeal is prosecuted. Other points pressed against the verdict will

be overruled, but we remand the case for exploration by the District Judge of the area the voir dire question was intended to search.

Declaring in two counts, Gladys K. Progner sought to recover monetary damages from Watt W. Eagle, a surgeon specializing in otolaryngology at Duke Hospital in Durham, North Carolina, for personal injuries, including pain, suffering and disfigurement as a result of an operation performed by him on her nose. Her husband joined in the suit to obtain reimbursement of expenses for past and future hospitalization and medical treatment of his wife, which the plaintiffs attribute to the fault of the defendant and for which the husband is and will be liable.

The first count charged the defendant with negligence; the second was premised on breach of contract of employment. The contention of the appellant Gladys Progner (hereinafter designated as the plaintiff) is that she submitted to the operation upon the representation and warranty of the defendant surgeon that it would not change the shape of her nose, but actually it resulted in a prolapsed or "saddle-back" nose, a detracting feature. This outcome, the plaintiff contends, was the result of inexpertness and carelessness in the surgery, and also constituted a breach of the doctor's representation and warranty.

The prefatory facts are that the plaintiff, a resident of Richmond, Virginia suffering from arthritis, ear discomfort, excessive nosebleeding and nasal obstruction, had gone to her local physician for relief during the fall of 1961. He called in consultation a Richmond specialist who recommended surgery on the nose described as a submucous resection, for correction of a deviated septum. As she had been persuaded earlier against the operation, she was undecided what to do. To satisfy the patient's desire for an opinion from a removed and independent source, her physician advised that she go to Duke Hospital for an examination and evaluation of her complaints. This she did, and the diagnostician there referred her to the defendant doctor for appraisal of her nasal discomfort. He, too, recommended the resection. This involved the elevation of the covering of the septum, with the removal of cartilage and bone to allow easier breathing.

With her consent, defendant Dr. Eagle operated at Duke Hospital on December 12, 1961. Afterwards, plaintiff says, "There was a marked change in the exterior contour of the nose and it was described as deformed. The cartilaginous support necessary for normal contour was either missing or no longer effective".

■ This action for damages was begun October 27, 1964. The Court directed a verdict for the defendant on the contract count and the jury found for him on the negligence count. While the appellant assigns error to both of these determinations, we find no such infirmity. The District Judge was clearly right in assessing the evidence as insufficient to establish an undertaking by the defendant in respect to the result of the operation. The proof showed no more than his profession of a competency to perform an operation of this type. As plaintiff did not call the only witness to the alleged warranty, only her testimony supported the charge. She neither gave the wording of the defendant's representation nor indicated any manifestation to him that her submission to the operation was contingent upon his warranty. No reliance was shown.

■ The jury found no neglect or carelessness in execution of the surgeon's responsibility. These findings were permissible under the testimony. The charge to the jury was unexceptionable. See Belk v. Schweizer, 268 N.C. 50, 149 S.E.2d 565 (1966); Galloway v. Lawrence, 266 N.C. 245, 145 S.E.2d 861 (1966).

Consequently, judgment for the defendant should stand unless omission of the requested voir dire question was fatal to the validity of the trial. The question undoubtedly should have been

asked. Rule 7 of the District Court commanded it. It was in every sense proper. On the other hand, if the responses to the question would not have disclosed possible prejudice to the plaintiffs, the mere omission should not now be permitted to vitiate the verdict. On the present record we cannot make a decision on this point.

 Rather than invalidate the proceedings, however, upon assumption or presumption of error, we will conditionally vacate the judgment and remand the case for inquiry by the District Judge of the defense counsel and the original 22 veniremen upon the subject of the question submitted. The Court will itself [1] put the questions, just as it would have if the topic had been sounded and pursued initially. The acceptability of the veniremen will then be determined as if the answers had been received at trial. If any of the veniremen are deceased or otherwise unavailable, the Court may consider in its determination other pertinent evidence, such, for example, as the testimony of defense counsel, accepting or rejecting the substitute evidence as it deems proper.

In the event an answer is made which the Court believes would have been good ground for challenge for cause at the trial, the fact that the respondent was peremptorily struck and left off the panel should not be held curative of all possible prejudice. Assuming the plaintiffs were entitled to the excusal of a venireman for cause, they were prejudiced if required to use a peremptory strike therefor. This would not be so, of course, if the plaintiffs still had unused peremptories remaining, for then obviously the plaintiffs were not injured since they did not need this strike elsewhere.

If upon this inquisition, the Court finds nothing that would have altered the composition of the jury as it stood at the trial, then the judgment first passed shall be reinstated. But if the reexamination discloses that the identical jury would not have been impanelled, a new trial shall be ordered. The new trial would be of the claims of both the plaintiff and her husband, but limited to the negligence count, as the other count did not go to the jury.

The course on remand we now outline does not contravene the policy counselling against the recall of jurors to testify on their verdict. Cf. Finn v. Carnegie-Illinois Steel Corp., 68 F.Supp. 423 (W.D.Pa.1946). The issue here does not go to a poll of the jury, the consultations of the jurymen, occurrences in their room or reasons for their verdict. Our purpose is simply to prevent, if possible, a retrial of a case once precisely otherwise tried.

Vacated and remanded.

---

1. At the trial the voir dire questioning was conducted exclusively by the Court.