**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2030**

_____


POTOMAC ELECTRIC POWER COMPANY,

Plaintiff - Appellee,

and

SUPPORT TERMINAL SERVICES, INCORPORATED;
SUPPORT TERMINALS OPERATING PARTNERSHIP, LP,

Defendants - Appellees,

versus

STEVEN LEAVITT,

Movant - Appellant.

----------------------

WILLIAMS & CONNOLLY LLP,

Movant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Peter J. Messitte, District Judge.  (CA-
02-4076-PJM)

_____

Argued:  March 16, 2005                    Decided:  July 21, 2005

_____

Before MICHAEL and KING, Circuit Judges, and James R. SPENCER,
Chief United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Conditionally remanded and otherwise held in abeyance by
unpublished per curiam opinion.

**ARGUED:** Judith A. Miller, WILLIAMS & CONNOLLY, Washington, D.C., for Appellant.  John W. Schryber, PATTON BOGGS, L.L.P., Washington, D.C., for Appellees.  **ON BRIEF:** Paul Mogin, Juli Ann Lund, WILLIAMS & CONNOLLY, Washington, D.C., for Appellant.  Edward S. Wisneski, PATTON BOGGS, L.L.P., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven Leavitt appeals the decision of the district court affirming the magistrate judge's denial, in part, of his nonparty motion for a protective order with respect to his lawyers' unredacted billing records (the "billing records"). Leavitt had provided the billing records to Potomac Electric Power Company ("PEPCO") pursuant to its obligation to indemnify him. Without Leavitt's prior knowledge or consent, PEPCO produced the billing records to appellees Support Terminal Services, Inc., and Support Terminals Operating Partnership, LP (together, "ST"), which are PEPCO's adversaries in the underlying litigation in the District of Maryland. Leavitt then sought a protective order on privilege grounds, seeking return of the billing records and a prohibition on their dissemination and use by ST. In its July 16, 2004 bench decision addressing Leavitt's appeals of the magistrate judge's rulings on privilege and retention issues, the district court ruled against Leavitt.

Following oral argument of this appeal, ST returned the billing records to Leavitt's counsel and filed a motion to dismiss this appeal as moot. As explained below, we hold the motion to dismiss in abeyance and conditionally remand this matter to the district court for an initial mootness determination.

The underlying litigation pertains to an April 2000 oil spill in Prince George's County, Maryland, from a pipeline owned by PEPCO and operated by ST. Leavitt served as a contract engineer on the pipeline project for PEPCO, and he was at the scene of the spill. Although Leavitt is not a party to the underlying litigation, he was identified as a key witness to the spill, and he promptly retained counsel in spill-related proceedings (including civil litigation, as well as investigations by state and federal authorities). As part of PEPCO's obligation to indemnify Leavitt, PEPCO has been paying Leavitt's legal expenses in connection with the spill-related proceedings. The billing records were provided by Leavitt's lawyers to PEPCO's counsel on a monthly basis, in order for PEPCO to satisfy its obligation to pay Leavitt's legal expenses. Leavitt and PEPCO entered into an oral joint defense agreement with respect to the spill-related proceedings, and their counsel agreed in writing that the billing records would be maintained in confidence.

In June 2002, without Leavitt's prior knowledge or consent, PEPCO provided ST with the billing records — among some 84,000 pages of documents produced by PEPCO as part of pre-litigation settlement negotiations between it and ST. PEPCO thereafter, in December 2002, initiated the underlying litigation in the District of Maryland against ST, seeking spill-related damages. ST asserted

counterclaims against PEPCO, and formal discovery commenced between the parties, during which PEPCO produced additional copies of the billing records.[1] The billing records detail the work of Leavitt's lawyers on a day-to-day basis over a period spanning at least two and one-half years. Upon review of the billing records, ST decided that they contained references to documents that had not been disclosed to ST by PEPCO during discovery.

On July 31, 2003, ST served on Leavitt a subpoena issued by the district court for the District of Columbia, seeking documents in his possession related to the underlying litigation.[2] In September 2003, in response to the subpoena, Leavitt produced nearly 3000 pages of documents. ST was dissatisfied with those disclosures because they did not include some of the documents referenced in the billing records. In the course of subsequent communications, Leavitt first learned that PEPCO had produced his billing records to ST. In mid-November 2003, counsel for Leavitt demanded that ST return the billing records because they had been inadvertently disclosed and contained privileged information, and

---

[1]On appeal, Leavitt maintains that PEPCO inadvertently produced his billing records, and that ST was obligated, pursuant to a discovery agreement, to immediately return any documents that were obviously produced by mistake. ST contends, however, that PEPCO intentionally produced the billing records in support of its since-withdrawn claim against ST for recovery of Leavitt's legal expenses.

[2]ST's decision to obtain the subpoena in the District of Columbia has been a matter of controversy, but not one that is before us in this appeal.

that counsel for ST were in breach of their ethical responsibilities by keeping them. Counsel for ST refused to return the billing records, advising that they would continue to use them in the representation of their client. ST's counsel also pointed out that the billing records established that Leavitt had continued to withhold documents responsive to the July 31, 2003 subpoena.

On November 28, 2003, ST filed a motion in the district court for the District of Columbia, seeking to compel the production of additional documents from Leavitt. In support of that motion, ST attached copies of the billing records. The motion and its attachments thus became available to the public on the court's website. Promptly thereafter, on December 1, 2003, Leavitt filed motions to seal and for a protective order in the district court. On December 17, 2003, the court denied Leavitt's motions without prejudice, pending resolution of related privilege issues raised by PEPCO in the District of Maryland. See Potomac Elec. Power Co. v. Support Terminal Servs., Inc., No. 03ms3139, slip op. at 5 (D.D.C. Dec. 17, 2003). The court directed Leavitt to promptly file his own motions in the District of Maryland, "or, alternatively, re-file his motions in this Court after a decision in the Maryland case is rendered." Id. at 5-6.[3]

---

[3]On December 12, 2003, PEPCO filed a motion in the underlying District of Maryland litigation, seeking, inter alia, the return of the billing records on privilege grounds. In a December 22, 2003 Order addressing the discoverability of assorted legal bills in PEPCO's possession, the magistrate judge determined that PEPCO had

6

On December 23, 2003, Leavitt filed, in the District of Maryland, the nonparty motion for a protective order at issue in this appeal. Leavitt thereby sought return of the billing records and a prohibition on their dissemination and use by ST. He contended that the billing records were protected under the attorney-client privilege and the work product doctrine. By Order of January 29, 2004, and a clarifying Order of March 16, 2004, the magistrate judge rejected any notion that the billing records were presumptively privileged in their entirety. See Mar. 16, 2004 Order at 2; Jan. 29, 2004 Order at 2. However, the judge agreed with Leavitt that PEPCO's production of the billing records, without his consent, did not waive any privilege shared by Leavitt and PEPCO pursuant to their joint defense agreement. See Jan. 29, 2004 Order at 2-3. The judge thus permitted Leavitt to identify the portions of the billing records for which he claimed protection, followed by briefing on the privilege issues. See Mar. 16, 2004 Order at 1-2; Jan. 29, 2004 Order at 3. In the meantime, the judge authorized ST to retain a copy of the billing records "for the sole purpose of being able to effectively challenge any

waived any privileges it held in those bills by demanding recovery of spill-related legal expenses from ST. Subsequently, on January 30, 2004, the judge deemed PEPCO's motion for the return of the billing records moot in light of the December 22, 2003 Order. That Order did not address whether Leavitt — rather than PEPCO — was entitled to assert privilege claims with respect to the billing records. PEPCO later unsuccessfully appealed that Order to the district court.

7

misplaced claims of privilege." See Jan. 29, 2004 Order at 3; see also Mar. 16, 2004 Order at 1-2. Other copies of the billing records were to be returned to Leavitt, and the filings in the District of Maryland that referred to materials subject to privilege claims were placed under seal with the Clerk. See Jan. 29, 2004 Order at 3.

On February 12, 2004, and March 31, 2004, Leavitt appealed the magistrate judge's Orders. At a hearing on July 16, 2004, Leavitt maintained to the district court that the billing records should not be parsed for privileged and nonprivileged material, but rather should be protected in their entirety. Leavitt also challenged the magistrate judge's ruling that ST could retain a copy of the billing records for the purpose of opposing Leavitt's privilege claims.

In its July 16, 2004 bench decision, the district court ruled on Leavitt's appeals and agreed with the magistrate judge that the billing records "are not globally protected by any privilege," and that the parties should proceed with arguments over protections for particular portions of them. See Tr. Mots. Hr'g at 54-55, 58-59. However, the court determined one privilege issue without waiting for the magistrate judge's initial assessment of it, ruling that there was no privilege attached to references in the billing records to specific documents, where those references bear on whether PEPCO was forthcoming in its document production to ST, and

8

where those documents were not the work product of Leavitt's counsel.  <u>Id.</u> at 55-59.  Finally, the court decided that ST could retain a copy of the billing records, pending full resolution of the privilege issues.  <u>Id.</u> at 59.  A docket entry for the July 16, 2004 hearing reflects that Leavitt's appeal of the magistrate judge's Orders was "'denied' for reasons stated on the record in open court."[4]

## II.

Leavitt filed a timely notice of appeal, and we conducted oral argument on March 16, 2005.[5]  Leavitt has asked that we:  (1)

[4]Pending this appeal, Leavitt has not pursued his remaining privilege claims in the District of Maryland, or re-filed his motions to seal and for a protective order in the District of Columbia.

[5]Leavitt has properly invoked our jurisdiction pursuant to <u>Perlman v. United States</u>, 247 U.S. 7 (1918).  The <u>Perlman</u> doctrine provides an exception to the general rule that an appellant must be held in contempt before appealing a discovery order.  <u>See</u> <u>Church of Scientology of Calif. v. United States</u>, 506 U.S. 9, 18 n.11 (1992). Under this doctrine, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance."  <u>Id.</u>  The doctrine applies where, as here, the appellant (like Leavitt, a nonparty to the underlying litigation) has asserted a privilege with regard to documents in the hands of a third party.  <u>See, e.g.</u>, <u>Gill v. Gulfstream Park Racing Ass'n</u>, 399 F.3d 391, 397-98 (1st Cir. 2005) (permitting immediate appeal of district court's decision to unseal its copies of nonparty's allegedly privileged documents for use by plaintiff in underlying litigation); <u>cf.</u> <u>Sheet Metal Workers Int'l Ass'n v. Sweeney</u>, 29 F.3d 120, 121 & n.1 (4th Cir. 1994) (allowing immediate appeal of district court's denial of nonparty's motion to disqualify plaintiff's counsel and quash deposition subpoena, where nonparty asserted privilege with regard

vacate the district court's ruling that references in the billing records to documents (other than documents created by his counsel) are unprotected; (2) vacate the court's ruling that ST can retain and use a copy of the billing records in opposing his other privilege claims; and (3) remand with instructions that ST return all copies of the billing records pending full disposition of the privilege claims. <u>See</u> Appellant's Br. at 33.

On April 20, 2005, following oral argument, ST filed its Motion to Dismiss Appeal for Mootness, relying on the principle that, "'[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review.'" <u>Toms v. Allied Bond & Collection Agency</u>, 179 F.3d 103, 105 (4th Cir. 1999) (quoting <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997)). Through its motion, reply memorandum, and exhibits (including affidavits of its counsel), ST maintains that this appeal is moot, because it has offered Leavitt the full relief he seeks. <u>See</u> <u>Zimmerman v. Bell</u>, 800 F.2d 386, 390 (4th Cir. 1986).

More specifically, ST represents that it recently returned its only copy of the billing records to Leavitt's counsel. According to ST, it returned the billing records after PEPCO provided ST with the sought-after documents referenced therein, eliminating ST's need for further use of the billing records to scrutinize the

---

to information that had been divulged to plaintiff's counsel).

10

completeness of PEPCO's discovery responses. ST has also "certified that it has destroyed all copies of all notes, memoranda, and other materials relating to or containing information derived from the unredacted billing records." See Mot. to Dismiss at 10. ST maintains that it will not make further use of the billing records or the information contained therein in the underlying litigation.[6] ST acknowledges that the earlier privilege and retention rulings stand, but contends that they are no longer of any practical consequence, because ST has voluntarily dispossessed itself of the billing records and, in any event, it currently is only authorized to use those records to oppose Leavitt's now-moot privilege claims. ST also acknowledges that, if PEPCO stands by its demand for an award of its legal expenses, ST will insist that PEPCO again produce the billing records, in order to demonstrate that PEPCO is seeking recovery only for its own counsel's efforts. ST maintains, however, that the billing records could be produced only with Leavitt's consent.

Leavitt opposes ST's motion to dismiss this appeal, maintaining that the issues are not moot. He questions whether ST actually has returned all copies of the billing records, including copies that may be in possession of its counsel and those included in submissions to this Court, such as a sealed portion of the Joint

[6]In addition to the foregoing, ST has agreed to join in any renewed motion to seal the copies of the billing records on file in the district court for the District of Columbia.

11

Appendix. Moreover, Leavitt questions ST's assertion that PEPCO has now produced all of the documents referenced in the billing records. Leavitt surmises that ST is eager to moot this appeal in order to avoid a possible adverse decision. More substantially, Leavitt contends that there is an ongoing controversy concerning the district court's privilege ruling. Leavitt maintains that this ruling effectively allows ST to make use of those portions of the billing records deemed nonprivileged by the court (i.e., references to documents not generated by Leavitt's lawyers) beyond solely opposing any remaining privilege claims. Finally, Leavitt asserts that any promise by ST to make no further use of the billing records in the underlying litigation is inconsistent with its position that PEPCO must again produce the billing records to support its demand for recovery of its own legal expenses.[7]

III.

The parties' various mootness contentions obviously raise many issues of disputed fact and law, and they are intertwined with matters in the underlying litigation not before us in this appeal. Accordingly, the district court is in a better position to address the parties' mootness contentions in the first instance. We will therefore hold ST's motion to dismiss the appeal in abeyance and

---

[7]PEPCO, substantially relying on the contentions of Leavitt, also opposes ST's motion to dismiss this appeal.

conditionally remand this proceeding to the district court for an initial mootness determination. In remanding, we request the court to resolve any disputed issues of fact and address whether the earlier privilege and retention rulings are now moot (and, if so, whether they should be vacated). See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., No. 97-1246, 2000 WL 265620, at *1 (4th Cir. Mar. 10, 2000) (remanding "for appropriate factual findings and a determination of whether this action is moot and, if so, whether the previous district court judgment should be vacated") (unpublished); cf. Progner v. Eagle, 377 F.2d 461, 463 (4th Cir. 1967) (conditionally vacating judgment and remanding for further inquiry by district court, where appellate record was insufficient on whether omission of voir dire question was prejudicial).

CONDITIONALLY REMANDED AND
OTHERWISE HELD IN ABEYANCE